IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:04CR547 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM |
| vs. | ) | AND ORDER |
| | ) | |
| JOSE H. VALLES-JUAREZ, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the Report and Recommendation (Filing No. 33) issued by Magistrate Judge Thomas D. Thalken recommending denial of the Motion to Suppress filed by the Defendant, Jose H. Valles-Juarez (Filing No. 22). Valles-Juarez filed a statement of objection to the Report and Recommendation (Filing No. 36) and a supporting brief (Filing No. 37) as allowed by 28 U.S.C. § 636(b)(1)(C) and NECrimR 57.3(a).

Valles-Juarez is charged in a two-count Indictment with: conspiracy to distribute and possess with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine (Count 1); possession with intent to distribute 5 grams or more of methamphetamine (Count 2); carrying a firearm in furtherance of the drug trafficking crimes alleged in Counts 1 and 2 (Count 3); and criminal forfeiture (Count 4). Valles seeks an order suppressing all evidence and statements obtained during and after the warrantless entry into his residence on November 16, 2004.

Following an evidentiary hearing on the Motions, Judge Thalken issued a Report and Recommendation in which he determined: Valles voluntarily consented to law enforcement officers' entry and search of the residence; Valles's statements made at the time he gave consent to search were voluntary; and Valles's statements made after

contraband was found in his residence were voluntary. On the basis of these determinations, Judge Thalken recommended that the Defendant's Motion to Suppress be denied. Valles objected to the Report and Recommendation.

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(C) and NECrimR 57.3(a), the Court shall make a de novo determination of those portions of the report, findings, and recommendations to which the Defendant has objected. The Court may accept, reject, or modify, in whole or in part, the Magistrate Judge's findings or recommendations. The Court may also receive further evidence or remand the matter to the Magistrate Judge with instructions.

## STATEMENT OF FACTS

The Magistrate Judge provided a detailed account of the events leading up to the entry into the residence and surrounding the consent and two separate statements. The Court has considered the transcript of the hearing conducted by Judge Thalken on (Filing No. 30). The Court also carefully viewed the evidence. Based on the Court's de novo review of the evidence and the lack of objection to the factual findings, the Magistrate Judge's statement of facts is adopted in its entirety.

## ANALYSIS

Valles argues that Judge Thalken misapplied the facts to the law. More specifically, Valles argues: that the warrantless search was not justified by exigent circumstances; Valles's consent to entry, resulting in the protective sweep, was not voluntary; Valles's consent resulting in the full search, was not voluntary; and the evidence found during the full search and Valles's statements are fruits of the illegal entry and search.

***Voluntariness of Consent to Entry and to Search***

There is no broad prohibition against officers' use of a ruse to gain entry to a residence. *United States v. Raines,* 536 F.2d 796, 800 (1976). Each case must be decided on the particular circumstances presented to determine whether the ruse tainted an individual's consent and violates the individual's Fourth Amendment rights. *Id.* In this case, officers were allowed entry into the residence before the ruse was told. Then, officers told the Defendant the true reason for their presence before he consented to the search of the home. Therefore, the Court finds that the ruse neither tainted the entry or the search, nor implicated the Defendant's Fourth Amendment rights. *Id.*

The Defendant also argues that his actions of opening the door and allowing officers to come into the residence cannot be construed as consent to the officers' entry. The Eighth Circuit has stated that opening a door for officers while stepping back in an inviting manner can reasonably be construed as consent. *United States v. Esquivias,* 2005 WL 1797319, at *1 (8th Cir. Aug. 1, 2005). Such is the case here.

***Exigent Circumstances***

As this was a consent search pursuant to a voluntary consent exhibited both orally and in writing, the Court need not reach the issue of exigent circumstances.

***Fruits of Alleged Illegal Entry and Search***

As the entry and search were lawful, the evidence found is not the fruit of an illegal; entry or search.

IT IS ORDERED:

1. The Magistrate Judge's Report and Recommendation (Filing No. 33) is adopted in its entirety;

2. The statement of objection to the Report and Recommendation (Filing No. 36) is denied;

3. The Defendant's Motion to Suppress (Filing No. 22) is denied.

DATED this 4th day of August, 2005.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge