IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:04CR547 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM |
| vs. | ) | AND ORDER |
| | ) | |
| JOSE H. VALLES-JUAREZ, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the motion filed by the Defendant, Jose H. Valles-Juarez, to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 ("§ 2255 motion") (Filing No. 76).

Rule 4(b) of the *Rules Governing Section 2255 Proceedings for the United States District Courts* requires initial review of a § 2255 motion, and describes the initial review process:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

## FACTUAL BACKGROUND

Valles pleaded guilty to Counts I and IV of an Indictment charging him with conspiracy to distribute and possess with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine (Count I) and criminal forfeiture (Count IV). The plea agreement was specifically an unconditional

agreement,[1] and stated that Counts II and III would be dismissed. The agreement included the following agreements reached under Federal Rule of Criminal Procedure 11(c)(1)(C): Valles would be held responsible for between 1.5 and 5 kilograms of a mixture or substance containing methamphetamine; the dangerous weapon enhancement under U.S.S.G. § 2D1.1(b)(1) would apply; and Valles would not receive the benefit of a role reduction. (Filing No. 48.)

At the change-of-plea hearing, a certified interpreter participated by telephone. Under oath, Valles stated that he had no questions concerning anything in the plea petition or plea agreement and that he understood the plea agreement. The terms of the plea agreement were recited, and Valles acknowledged that the terms of the agreement were those stated. Valles stated that he voluntarily signed the agreement and that he was not induced to do so by promises or threats. Valles stated that he understood his constitutional rights and that he had waived them by pleading guilty. He specifically acknowledged that by pleading guilty he had waived his right to challenge the manner in which the government searched for evidence and questioned him.

In his petition to enter a plea of guilty, Valles indicated that he understood the following: ¶ 11, describing the binding nature of a Rule 11(c)(1)(C) agreement; ¶ 12(b), asking whether a defendant knows that the sentence is solely for the judge to decide; and ¶ 13(b) - stating the minimum sentence as 120 months. Valles stated that he understood the questions and desired no further information before entering a plea. In answering ¶ 46, Valles indicated that the pertinent documents were read to him in his native language

---

[1]The Court denied Valles's motion to suppress. (Filing No. 38.)

and that he understood the translation.[2] Valles signed the petition under penalty of perjury. (Filing No. 47.)

The PSR reflected a base offense level of 34 and a 2-level upward departure for possessing a dangerous weapon in connection with the offense, consistent with the plea agreement. With a 3-level downward adjustment for acceptance of responsibility, the total offense level was calculated as 33. With placement in criminal history category III, the guideline range was 168-210 months. (Filing No. 62.) There were no objections to the PSR.

Valles was sentenced to 168 months imprisonment and 5 years supervised release. (Filing No. 56.) He filed a direct appeal. (Filing No. 58.) The Eighth Circuit determined that Valles's sentence was not unreasonable under *United States v. Booker,* 543 U.S. 220, 261-62 (2005). Valles timely filed his § 2255 motion.

## DISCUSSION

In Claim One of his § 2255 motion, Valles argues that he received ineffective assistance of counsel, and that his plea was not knowing or voluntary because his trial attorney[3] failed to do the following with respect to the plea: explain the binding nature of a Rule 11(c)(1) plea agreement; explain the nature of a conditional plea; and challenge alleged violations of Federal Rules of Criminal Procedure 11(c)(4) and (5).[4] In Claim Two,

---

[2] Mr. Monzon is fluent in Spanish and English.

[3] At the plea stage, Valles was represented by Assistant Federal Public Defender Carlos Monzon.

[4] As discussed below, Rules 11(c)(4) and (5) are implicated at sentencing although they relate to the plea agreement.

3

Valles argues that his attorney failed to negotiate a conditional plea that would have allowed him to further pursue the issues raised in his motion to suppress.  In Claim Three, Valles alleges that counsel[5] failed to argue for a downward departure based on: his rights under the Vienna Convention; his status as a deportable alien; and the alleged violation of Valles's Fifth Amendment rights.

In order to establish ineffective assistance of counsel, Valles must satisfy both prongs of the test articulated by the United States Supreme Court in *Strickland v. Washington,* 466 U.S. 668 (1984).  The performance prong requires a showing that counsel performed outside the wide range of reasonable professional assistance and made errors so serious that counsel failed to function as the kind of counsel guaranteed by the Sixth Amendment.  *Id.* at 687-89.  The prejudice prong requires a movant to demonstrate that seriously deficient performance of counsel prejudiced the defense.  *Id.* at 687.

**CLAIM ONE - KNOWING AND VOLUNTARY PLEA**

Valles argues that his attorney was ineffective, and that his plea was not knowing or voluntary because his attorney did not explain the consequences of a Rule 11(c)(1)(C) plea agreement, the nature of a conditional plea, or challenge the alleged lack of adherence to Federal Rules of Criminal Procedure 11(c)(4) and (5).[6]   For the reasons

---

[5]At sentencing, Valles was represented by First Assistant Federal Public Defender Shannon O'Connor.

[6]Rule 11(c)(4) or (5) are relevant at sentencing, when the court accepts or rejects a plea agreement.

4

discussed below, Valles's plea was knowing and voluntary, he cannot satisfy either *Strickland* prong, and Claim One is denied.

### Rule 11(c)(1)(C) Agreement

In completing the plea petition, Valles answered "yes" to the following question:

11. If you are proposing to plead guilty pursuant to a plea agreement under a specific rule of criminal procedure, Federal Rule of Criminal Procedure 11(c)(1)(C), the judge may either accept or reject your plea agreement.  Pursuant to this Rule, if the judge rejects your plea agreement, you will be allowed to withdraw your plea of guilty.  Also, pursuant to this Rule, if you plead GUILTY and the judge accepts your plea agreement, the judge is bound at your sentencing to impose the specific sentence or sentencing range, or to apply or not apply a provision of the Sentencing Guidelines, a policy statement or a sentencing factor, as agreed upon by you and the government.  This disposition may be the same, greater than or lesser than the punishment you would have received if you had pleaded NOT GUILTY and had been convicted by a jury.  Do you understand this?

(Filing No. 47, ¶ 11.)

At the change of plea hearing, Valles was advised by the Court that if the undersigned did not accept the Rule 11(c)(1)(C) agreement that he would be allowed to withdraw his plea.

### Conditional Plea

Federal Rule of Criminal Procedure 11(a)(2) provides that a conditional plea may be entered "[w]ith the consent of the court and the government."  In this case, Valles's plea agreement specifically states that the plea is unconditional.  Valles opines that the Eighth Circuit Court of Appeals would likely reverse this Court's decision with respect to his motion to suppress, which addressed issues relating to the voluntariness of Valles's consent to entry and search of his residence and of his statements made to law enforcement.  (Filing No. 38.)  Valles's argument that the Eighth Circuit would reverse the decision denying his

motion to suppress is based solely on his own argument and his own assessment of the merits of his case.  He cites no legal authority in support of his position.  (Filing No. 76, at 17-19.)

Valles overlooks the fact that the entry of a conditional plea is not solely a defendant's decision but rather is the product of a joint decision of both parties and the court.  Finally, at his change-of-plea hearing, Valles specifically acknowledged that he was waiving his right to challenge the manner in which the government obtained evidence against him, for example the way the government searched for evidence and questioned him.

### *Fed. R. Crim. P. 11(c)(4) & (5)*

Valles argues that counsel did not challenge the lack of adherence to Rules 11(c)(4) & (5), which provide:

**(4) Accepting a Plea Agreement.**  If the court accepts the plea agreement, it must inform the defendant that to the extent the plea agreement is of the type specified in Rule (c)(1)(A) or (C), the agreed disposition will be included in the judgment.

**(5) Rejecting a Plea Agreement.**  If the court rejects a plea agreement containing provisions of the type specified in Rule 11(c)(1)(A) or (C), the court must [advise the defendant that the court rejects the plea agreement, the defendant may withdraw his plea, and if the defendant does not withdraw his plea the case may be disposed of less favorably toward him] on the record and in open court (or for good cause, in camera).

Fed. R. Crim. P. 11(c)(4) & (5).

The argument relating to Rule 11(c)(5) is moot, because the plea agreement was not rejected.  Regarding the allegation that the undersigned did not advise Valles of the specifics of Rule 11(c)(4), a judge is not required to use the exact language stated in Rule 11.  *United States v. Samuels,* 726 F.2d 389, 390 (8th Cir. 1984); 1A CHARLES A. WRIGHT,

6

FEDERAL PRACTICE AND PROCEDURE §§ 174.1 & 178, AT 215-16 & 301 (1999). Courts appear to interpret Rule 11(c)(4) as requiring that a defendant be advised that his plea is being accepted and that the defendant be advised of the type of plea entered, i.e., Rule 11(c)(1)(A), (B) or (C). *See, e.g., United States v. Davidson,* 409 F.3d 304, 311-12 (6th Cir. 2005). Therefore, the rule was substantially complied with at the plea and sentencing hearings.

### CLAIM TWO: ALLEGED FAILURE TO NEGOTIATE A CONDITIONAL PLEA

Claim Two is denied for the reasons discussed above with respect to Claim One insofar as they refer to the unconditional nature of the plea agreement.

### CLAIM THREE: DOWNWARD DEPARTURE

Valles argues that his attorney failed to argue for a downward departure based on Valles's rights under the Vienna Convention, his status as a deportable alien, and the alleged violation of his Fifth Amendment rights. For the reasons discussed below, Claim Three is denied.

#### *Vienna Convention*

Once a defendant pleads guilty, he waives the right to challenge any failure to advise him of his rights under the Vienna Convention. *United States v. Guzman-Landeros,* 207 F.3d 1034, 1035 (8th Cir. 2000); *United States v. Flores-Garcia,* 230 F.3d 1364, at *1 (8th Cir. Aug. 14, 2000). Valles waived this non-jurisdictional right.

#### *Deportable Alien*

Valles asserts that his attorney was ineffective for failing to argue in support of a downward departure based on Valles's status as a deportable alien, reasoning that his

immigration status will result in the imposition of severe prison conditions that would not be suffered by a United States citizen.  The Eighth Circuit has held in a drug case that status as a deportable alien alone is not a basis for a downward departure.  *United States v. Lopez-Salas,* 266 F.3d 842, 848-49 (8th Cir. 2001).  Aside from the unsuccessful companion arguments relating to the Vienna Convention and Fifth Amendment rights, Valles raises no other grounds for downward departure.  Therefore, he is not entitled to a downward departure based on his immigration status alone.

### *Fifth Amendment Due Process Rights*

Valles argues that he was incorrectly sentenced under a mandatory guideline scheme, relying on *United States v. Booker,* 543 U.S. 220 (2005).  However, it is well-settled that *Booker* is not retroactive to cases on collateral review.  *Lefkowitz v. United States,* 446 F.3d 788, 791 (8th Cir. 2006), *cert. denied,* 127 S. Ct. 843 (2006).  Therefore, neither prong of the *Strickland* test is satisfied.

### CONCLUSION

For the reasons discussed, the Court concludes that under Rule 4(b) the Defendant's § 2255 motion must be summarily denied.

IT IS ORDERED:

1. The Court has completed the initial review of the Defendant's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (Filing No. 76);

2. Upon initial review, the Court summarily denies the Defendant's claims raised in the § 2255 motion, and the motion (Filing No. 76) is summarily denied;

3. A separate Judgment will be issued denying the § 2255 motion; and

4.     The Clerk is directed to mail a copy of this Memorandum and Order to the Defendant at his last known address.

DATED this 7th day of November, 2007.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge